**Brent Steven SHERMAN, Sr.,
Plaintiff–Appellant,**

v.

**UNITED STATES of America; et
al., Defendants–Appellees.**

No. 07–35540.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Filed April 20, 2010.

Richard D. Wasserman, Esq., AGOR—
Office of the Oregon Attorney General,
Salem, OR, for Defendants–Appellees.

Before: RYMER, McKEOWN, and
PAEZ, Circuit Judges.

MEMORANDUM **

Brent Steven Sherman, Sr., a former
federal prisoner, appeals pro se from the
district court's judgment dismissing his ac-
tion alleging constitutional violations in
connection with the revocation of his pa-
role. We have jurisdiction under 28
U.S.C. § 1291. We review de novo a dis-
missal under 28 U.S.C. § 1915(e)(2), *Huf-
tile v. Miccio–Fonseca,* 410 F.3d 1136,
1138 (9th Cir.2005), and we affirm.

The district court properly dismissed
the claims against the government defen-
dants under the doctrine of issue preclu-
sion because Sherman seeks to litigate is-
sues identical to ones previously litigated

and decided in his federal habeas case,
*Sherman v. Reilly,* 361 Fed.Appx. 827 (9th
Cir.2010) (unpublished mem.). *See Haw-
kins v. Risley,* 984 F.2d 321, 323–25 (9th
Cir.1993) (per curiam) (concluding that
plaintiff was precluded from relitigating
claims in civil rights action that were pre-
viously litigated and decided in his federal
habeas case); *Reyn's Pasta Bella, LLC v.
Visa USA, Inc.,* 442 F.3d 741, 746 (9th
Cir.2006) (listing elements of issue preclu-
sion).

The district court properly dismissed
the claims against the private defendants
because Sherman's conclusory allegations
are insufficient to show that these defen-
dants conspired with the government de-
fendants or acted under color of law. *See
Simmons v. Sacramento County Superior
Court,* 318 F.3d 1156, 1161 (9th Cir.2003)
(affirming dismissal of civil rights claim
against private defendant where there
were only conclusory allegations of con-
spiracy with government officials); *see
also Dietrich v. John Ascuaga's Nugget,*
548 F.3d 892, 900 (9th Cir.2008) (stating
that complaints to the police do not con-
vert private parties into government ac-
tors).

Appellee Ebersole's motion for leave to
appear is granted. The clerk shall file the
answering brief received on November 26,
2007.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2). Accordingly, Ap-
pellant's request for oral argument is denied.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.